IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STEVE VALERIO and ARMANDO DURAN, on
behalf of themselves and all others similarly situated,

        Plaintiffs,

      -vs-                                          No. CIV 97-1291 LH/LFG

ALBERTSON'S, INC., a Delaware corporation,
GREG HANSON, RICHARD ROE, and JANE
DOE,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Defendants' Motion to Stay This Action (Docket No. 20), filed January 20, 1998. The Court, having considered the Motion, the accompanying memoranda, and the applicable law and otherwise being fully advised, finds that the Motion is well taken and will be **GRANTED**.

Plaintiffs brought this action in New Mexico state court, asserting claims for breach of contract, quantum meruit, unjust enrichment, violations of N. M. STAT. ANN. § 50-4-22 (Minimum Wages), and conspiracy to violate the New Mexico Wage Claim Act. Defendants removed the case to federal court, claiming jurisdiction pursuant to Section 301 of the Labor Management Relations Act, under the doctrine of complete preemption. Plaintiffs moved for remand on December 8, 1997.

On December 9, 1997, Defendant Albertson's notified the Court that pursuant to 28 U.S.C. § 1407 it had filed a motion with the Judicial Panel on Multidistrict Litigation (JPML) to transfer this

action, along with two other statewide class actions in federal court in Colorado and Nevada, to the United States District Court for the District of Idaho for consolidated or coordinated pretrial proceedings with five class actions pending in that District. Defendants Albertson's and Hanson now move this Court to stay all proceedings in this action pending decision by the JPML on the Motion to Transfer.

Plaintiffs maintain that their Motion to Remand should be decided before the JPML considers Albertson's Motion to Transfer. Thus, in their response to the Motion to Transfer Plaintiffs asked the JPML to stay consideration of transfer until decision here on the Motion to Remand. On February 10, 1998, however, the JPML set the Motion to Transfer for hearing on March 27, 1998.

Defendants contend that the statewide class actions pending in this Court and the Districts of Colorado and Nevada bring essentially the same claims and involve substantially similar issues under Section 301 of the Labor Management Relations Act. Defendants removed these cases to federal court and plaintiffs, who are represented by the same counsel in each, have filed similar motions to remand in all three districts.

This Court has not ruled on the Motion to Remand, pending action by the JPML on Albertson's Motion to Transfer, and declines to do so now. If this case is transferred, consistency, as well as economy of judicial resources, will best be served by allowing the transferee court to resolve the common jurisdictional objections. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Synthroid Marketing Litigation*, No. 1182, 1997 WL 564075, at *1 (N.D. Cal. Aug 21, 1997). Staying this matter will also serve these principles.

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay This Action (Docket No. 20), filed January 20, 1998, is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE